891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randell STORTROEN, Defendant-Appellant.
 No. 88-3285.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 30, 1989.
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randell Stortroen, a federal prisoner, appeals from the district court's order denying his Fed.R.Crim.P. 35 Motion To Correct Sentence. We affirm but on different grounds. We hold that the district court lacked jurisdiction to consider the motion.
 
 
 3
 The district court imposed Stortroen's sentence on September 15, 1987. Stortroen did not bring his Fed.R.Crim.P. 35 motion until September 30, 1988. Under the old version of Rule 35 which is applicable to Stortroen, the district court only had jurisdiction to correct an illegal sentence. Any other motion under Rule 35 must be brought within 120 days of sentencing.
 
 
 4
 Stortroen's motion does not seek correction of an illegal sentence. He requests the district court to strike reference from the presentence report of an allegedly unconstitutional Greek conviction or, alternatively, to state that it was not considered. Stortroen does not argue that the district judge used the Greek conviction to enhance his sentence. He concedes in his motion that the Greek conviction "does not appear to have been a factor in the court's [sentencing] decision." Stortroen does not ask that the court "correct" his sentence, only that it alter the presentence report. His only concern in the Rule 35 motion is that the Parole Commission not use the Greek conviction when setting his parole.
 
 
 5
 Stortroen argues that Rule 32, Fed.R.Crim.P., requires the district court to correct the presentence report. "However, Rule 32 'allows the defendant to challenge factual inaccuracies during imposition of sentence, not later.' ... Thus, once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report." United States v. Catabran, No. 88-1284, slip op. at 11137 (9th Cir. Sept. 8, 1989).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3